IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE SWAN, | ) | |
| | ) | Crim. Action No. 18-941 |
| Petitioner, | ) | |
| | ) | Related to:  Civil Action No. 21-1568 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM ORDER</u>**

On October 28, 2021, the Clerk's Office received a motion from Petitioner which primarily appeared to be a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion").[1]  Doc. 144.  The Motion was signed by Petitioner on October 20, 2021.  On November 2, 2021, the Court indicated that it had received Petitioner's Motion, but that it was not compliant with the provisions of § 2255 Rule 2 and the Court's local rule, LCvR 2255B.1.e. In accordance with the local rule, the Court instructed Petitioner to file a 2255 motion that complied with the Court's requirements by November 23, 2021, and together with that order, sent Petitioner a copy of the Court's standard form for 2255 motions.  Doc. 145.  Meanwhile the Court instructed the Clerk's Office to maintain the existing 2255 motion on the docket (Doc. 144) for placeholder purposes, to preserve timeliness.  The Clerk's Office also opened a corresponding civil action at that time to preserve timeliness, at Civil Action No. 21-1568. November 23 came and went.  On December 7, 2021, Petitioner filed two additional motions, a motion to appoint new counsel and a motion for sentencing transcripts.  Docs. 146, 147.  The

---

[1] In addition to moving to correct/vacate sentence, the motion requests transcripts and new counsel.

Court denied those motions without prejudice, and again reiterated its instruction to file a compliant 2255 motion, should Petitioner wish to pursue this form of relief.  The Court reiterated to Petitioner that his requests for appointment of counsel and sentencing transcript could not be meaningfully evaluated in the absence of an actionable 2255 motion.  The Court also alerted Petitioner to the fact that his initial submission was likely untimely, and instructed Petitioner to address why his motion should not be dismissed on timeliness grounds, using page 13 in the standard form.  Once again, together with the order, the Court sent Petitioner a copy of the Court's standard form for 2255 motions, and warned Petitioner that if Petitioner failed to comply with the Court's order to file a compliant 2255 motion by December 30, 2021, his motion and the corresponding civil action would be dismissed.  Doc. 148.

On December 30, 2021, the Court received a timely-filed, yet deficient motion.  Doc. 149.  Petitioner used the Court's standard 13-page form (page 1 contains instructions, and the fillable form follows on pages 2-14) to file his Motion, but did not use all the required pages of the form.  His filing includes only pages 2-6 of the standard form.  In so doing, Petitioner failed to comply with the Court's Order which specifically directed him to show why his motion should not be dismissed on timeliness grounds on page 13 of the form.

A federal court hearing postconviction relief—such as a motion filed under 28 U.S.C. § 2255—has the power to raise statute of limitations issues *sua sponte*.  United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005); see § 2255 Rule 4(b).  Courts should give notice that a limitations problem may exist, and provide an opportunity for a habeas movant or petitioner to respond.  Bendolph, 409 F.3d at 158; see also id. n.3, n.15.  28 U.S.C. § 2255 provides a one-year period of limitations, which runs from the date on which the movant's judgment of conviction becomes final.  The Court of Appeals for the Third Circuit has instructed that a

judgment of conviction becomes final "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Further, as is the case here, "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Id.

Petitioner was sentenced on March 9, 2020 for conspiracy to distribute heroin and a fentanyl analogue to 75 months imprisonment, to run consecutive to any sentence for his state parole violation, and 6 years of supervised release. Judgment (Doc. 135). Petitioner's Sentencing Guidelines range was 188 months to 235 months, and he was granted a downward variance based on the 11(c)(1)(C) plea agreement ("Plea Agreement") (Doc. 104-1) between Petitioner and the Government. The Government agreed to dismiss the other remaining count as part of the Plea Agreement. The Plea Agreement also included a written waiver by Petitioner that "he will not seek relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." Petitioner had fourteen days in which to file a notice of appeal, but he failed to do so. Thus, Petitioner's sentence became final on March 23, 2020, and the limitations period to file a 2255 motion expired one year later, on March 23, 2021. Affording Petitioner the benefit of the prisoner mail box rule, and if, for date calculation purposes, we assume his motion to have been deemed filed the first time Petitioner filed a motion, Petitioner filed his 28 U.S.C. § 2255 Motion on October 20, 2021. This is the date he signed his first motion, nearly seven months after the expiration of the one-year statute of limitations. As such, Petitioner's Motion is untimely. See United States v. Thomas, 2015 WL

2126911 (E.D. Pa. May 5, 2015) (dismissing a 28 U.S.C. § 2255 Motion as time-barred after making similar calculations).

Moreover, even if considered on the merits, this Motion would be denied. Petitioner makes several conclusory allegations and offers little to no facts in support of his reasons for why his sentence should be vacated. While far from clear, Petitioner's Motion gives three reasons in support of his Motion: (1) newly discovered sentencing guidelines; (2) retroactive sentencing guidelines; and (3) ineffectiveness of counsel. In terms of factual details, he states that he needs new counsel because "my counsel led me to believe I must plead guilty to offenses that I was not guilty of, otherwise I would be sentenced to 15-30 years" and that "I was sentenced to an excess of 28 months, deviating from the advisory sentencing guidelines of: 37-47 months of incarceration, whereas an incorrect offender enhancement, punished me in excess and in addition to the recommended advisory guidelines." Doc. 149. Other than the discussion of an incorrect advisory Sentencing Guidelines range, Petitioner does not identify the "newly discovered" or "retroactive" sentencing guidelines to which he is referring, nor specifically alleges how counsel was ineffective. Where a petitioner claims a deprivation of his constitutional right to effective counsel, as Petitioner does here, he must show that "(1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice." Ross v. District Attorney of the County of Allegheny, 672 F.3d 198, 210 (3d Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness …. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." Ross, 672 F.3d at 210 (quoting Harrington v. Richter, 562 U.S. 86, 104 (2011)).  Petitioner does not meet this standard here.

The Court need not hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the record conclusively shows that the petitioner is not entitled to relief.  U.S. v. Ritter, 93 F. App'x. 402 (3d Cir. 2004); 28 U.S.C § 2255.  Under this standard, a hearing is unnecessary in this case.

For the foregoing reasons, the Motion (Doc. 149) is DENIED as untimely filed.  No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


January 7, 2022                                        s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge


cc (via First-Class U.S. Mail):

*(address of facility)*
Tyrone Swan (JP-0178)
SCI Pine Grove
189 Fyock Road
Indiana, PA 15701

*(return address on envelope of submission for filings)*
Smart Communications/PADOC
Tyrone Swan (JP-0178)
SCI Pine Grove
PO Box 33028
St Petersburg, FL 33733